# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMIAH MOORE, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-5519 |
| : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                           APRIL 14, 2022

Plaintiff Jeremiah Moore, a former prisoner, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendment. Currently before the Court are Moore's Complaint (ECF No. 2) and his Motion to for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety.

## I.     FACTUAL ALLEGATIONS[1]

Moore was charged in a criminal proceeding in 2019 with several drug and driving related offenses including, but not limited to, operating a vehicle without a valid inspection certificate, use or possession of drug paraphilia, and resisting arrest. *See Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery County); *Commonwealth v. Moore*, MJ-38112-CR-0000417-2019. Moore's preliminary arraignment was presided over by the

---

[1] The factual allegations set forth in this Memorandum are taken from Moore's Complaint, the documents and exhibits attached thereto, and public court dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Honorable Magisterial District Judge Gregory Scott and his preliminary hearing in Magisterial District Court was presided over by the Honorable Magisterial District Judge Edward C. Kropp, Sr.  *See Commonwealth v. Moore*, MJ-38112-CR-0000417-2019 (C.P. Montgomery County).  Judge Scott and Judge Kropp are named as Defendants in this case.  On or about August 12, 2021, Moore pled guilty to the charge of operation of a vehicle without a valid inspection certificate, and his remaining charges were dismissed.  *Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery County).

Moore brings constitutional claims primarily challenging actions taken by Judge Scott and Judge Kropp in the underlying state court criminal proceeding.  (Compl. ¶¶ 4-5, 8, 10-12, 25-26.)  Moore also challenges the constitutionality of the conduct of Defendants Jamie O'Neill[2] and Craig A. Johnson, two police officers with the Pottstown Police Department, with respect to his arrest on September 13, 2019.  (*Id.* ¶¶ 6-9, 23-24.)  Specifically, Moore alleges that he "was arrested by Officer Jamie O'N[ei]ll" on September 13, 2019 and that he "was transported to Boro[u]gh Hall by Officer Craig A. Johnson."[3]  (*Id.* ¶¶ 8-9.)  Moore asserts that he was

---

[2]  From the Exhibits attached to the Complaint, it appears that Moore misspelled the last name of this Defendant.  The Court adopts the proper spelling from those Exhibits for use throughout this Memorandum.

[3]  In the portion of his Complaint entitled "Legal Claims", Moore asserts some additional details alleging that Defendant O'Neill "did sieze [sic] me unlawfully in that he placed handcuffs on my wrist and authorized for me to be transported to the Pottstown Police Station where I was placed in a holding cell, and arraigned and bail was set for $50,000 inwhich [sic] I was incarcerated from 9/13/21 [sic] to 8/29/21 inwhich [sic] I took a plea deal for $25.00 fine on charges operation of a vehicle without valid inspection stickers after sitting 23 months on a warrantless summary offense."  (*Id.* ¶ 23.)  Moore contends that Defendant O'Neill "is the cause of [him] being unlawfully incarcerated."  (*Id.*)  With respect to Defendant Johnson, Moore alleges that Johnson "did create and sign a warrant for arrest for a warrantless summons offense, operation of a vehicle without valid inspection stickers inwhich [sic] he took a[n] oath and requested that I answer to it as a criminal offense."  (*Id.* ¶ 24.)  Moore claims that "Johnson detained [him] for a summons offense inwhich [sic] I was unlawfully incarcerated."  (*Id.*)

Additionally, Moore attached several documents to Complaint as Exhibits, including but not limited to a Police Criminal Complaint, an Affidavit of Probable Cause ("APC"), and a pretrial

2

arraigned by Judge Scott on various charges, including "operating a vehicle w/o [a] valid inspection sticker[]," which was charged as a "criminal charge on a warrantless arrest" and that he was "commit[t]ed to prison on a [$]50,000 bail[.]" (*Id.* ¶¶ 10-11.)

Moore alleges that Judge Kropp presided over his preliminary hearing on October 2, 2019, at which time Judge Kropp "dismissed 2 charges and authorized" Moore's prosecution on the charge of operating a vehicle without a valid inspection sticker. (*Id.* ¶ 12.) Moore asserts

---

motion filed by the public defender who represented Moore in the underlying criminal matter. (*See* Compl. at 9-37.) In screening Moore's Complaint pursuant to § 1915(e)(2)(B), the Court may properly consider these documents. *See Harris v. U.S. Marshal Serv.*, Civ. A. No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), report and recommendation adopted as modified, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

The APC was prepared by Defendant Johnson and provides additional context for Moore's arrest on September 13, 2019. (*See* Compl. at 14.) The APC sets forth that in the early evening hours of September 13, 2019, Johnson "observed a red Chrysler . . . traveling west bound on Beech Street" pass him with "an expired 4/19 inspection sticker." (*Id.*) At that time, Johnson radioed to Defendant O'Neill "that the vehicle was traveling towards his location on N. Evans at Beech Street." (*Id.*) According to the APC, Defendant O'Neill "observed the vehicle, activated his lights and sirens and initiated a traffic stop." (*Id.*) In response to the traffic stop, the operator of the vehicle, later determined to be Moore, "pulled behind the Beech Street Factory Apartments . . . stopped the vehicle, exited [the vehicle] and started walking away." (*Id.*) Defendant O'Neill instructed Moore to stop, but Moore "refused to obey commands and began running." (*Id.*) At that time, Defendant Johnson arrived on the scene and together Defendants were able to get Moore in custody. (*Id.*) During "[a] search incident to an arrest[,]" Johnson "located five (5) small empty orange glassine ziplock bags in [Moore's] left front pants pocket" in addition to $580.00 in cash. (*Id.*)

After the search of Moore's person, Defendants conducted a "consent search of the vehicle [which] yielded a clear knotted sandwich baggie underneath the vehicle driver seat" which contained "eleven (11) small orange ziplock bags and one (1) small green ziplock bag[.]" (*Id.*) The APC details that "[i]nside each small ziplock bag was a white hard rock like substance consistent to that of suspected crack cocaine[,]" and Johnson noted in the APC that "the small orange glassine ziplock bags located on [Moore's] person at the time of the arrest were identical to the small orange glassine ziplock bags located inside the vehicle." (*Id.*) A check of Moore's Pennsylvania driver's license revealed that he had a "Suspended Photo ID Only drivers license." (*Id.*)

that his pre-trial hearing was rescheduled multiple times on January 9, 2020, February 5, 2020, March 5, 2020, and in April of 2020.  According to Moore, he had a hearing before "Judge O'Niell of the Montgomery County Courthouse via video monitor" on November 30, 2020 wherein his bond was set to unsecured.  (*Id.* ¶ 17.)  In December of 2020, Moore was transported from Montgomery County Corrections Facility to State Correctional Institution – Coal Township.  (*Id.* ¶ 18.)  Moore asserts that he pled guilty on August 12, 2021 to the charge of operating a vehicle without a valid inspective sticker as part of a "plea negotiation for no further prosecution on related charges."  (*Id.* ¶ 19.)  Moore alleges that he was released from the custody of the Department of Corrections on August 29, 2021.  (*Id.* ¶ 20.)

Based on these allegations, Moore seeks a declaration that his rights under the Constitution and laws of the United States were violated.  (*Id.* ¶ 29.)  Moore seeks an order directing that the "$25.00 fine and charge [of] operating a vehicle without [a] valid inspection sticker[] . . . be disposed of."  (*Id.* ¶ 30.)  Moore also seeks $250,000 in compensatory damages from each Defendant, and punitive damages in the amount of "250,000 million" dollars.  (*Id.* ¶¶ 31-32.)

## II.    STANDARD OF REVIEW

The Court grants Moore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Moore alleges claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against "Caption Only" Defendants

In the caption of his Complaint, Moore names the Commonwealth of Pennsylvania, the Magistrate District Courthouse 38-1-12, and the Pottstown Police Department as Defendants in this case.[4] With respect to the Commonwealth of Pennsylvania, states are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66

---

[4] The Court notes that Moore does not make any substantive allegations against these Defendants in the body of the Complaint. However, in an abundance of caution and construing Moore's Complaint liberally, the Court will address any potential claims against these Defendants to the extent Moore seeks to raise them.

(1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, any the claims for money damages Moore seeks to assert against the Commonwealth of Pennsylvania may not proceed. The same is true with respect to the any claims Moore seeks to assert against Magistrate District Courthouse 38-1-12. The Court understands Moore to be asserting claims against the Magisterial District Court, which is a part of Pennsylvania's Unified Judicial System and also protected by Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005) (holding that the state courts compromising Pennsylvania's Unified Judicial System are entitled to share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 301(9); *Richardson v. Wilkinsburg Police Dep't*, No. 16-0129, 2016 WL 4141084, at *3 (W.D. Pa. Aug. 4, 2016) (concluding that magisterial district courts are also a part of Pennsylvania's Unified Judicial System and are entitled to Eleventh Amendment immunity).

Additionally, any claims Moore seeks to bring against the Pottstown Police Department under § 1983 also fail. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant

to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Pottstown Police Department is not a proper defendant in this case under Section 1983 and any claims against it, to the extent Moore seeks to bring them, are dismissed. The Court will direct the Clerk of Court to terminate these Defendants as parties in this action.

      **B.**      **Claims Against Magisterial District Judges Scott and Kropp**

The only allegations against Magisterial District Judges Scott and Kropp appear to be related to their respective roles in presiding over Moore's arraignment and preliminary hearing on criminal charges stemming from his September 13, 2019 arrest. (Compl. ¶¶ 4-5, 10-12, 25-26.) However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Additionally, both judges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity. *See id.* at 441 (concluding that magisterial district judges, even though

they preside over courts of limited jurisdiction, are entitled to protections of judicial immunity); *see also Evans v. Lorah*, No. 20-22, 2020 WL 2813317, at *3 (W.D. Pa. May 11, 2020), *report and recommendation adopted*, 2020 WL 2793088 (W.D. Pa. May 29, 2020) (dismissing *pro se* litigant's § 1983 claims against a former magisterial district judge on screening pursuant to § 1915(e)(2)(B) on the basis of judicial immunity).

The only allegations Moore makes against Magisterial District Judges Scott and Kropp concern judicial determinations they made in the course of his arraignment and preliminary hearing in the underlying state court criminal proceeding, and Moore has not set forth any facts suggesting that they acted in an absence of jurisdiction. Accordingly, Magisterial District Judges Scott and Kropp are entitled to absolute immunity in these circumstances. *Evans*, 2020 WL 2813317, at *3; *see also Blackwell v. Middletown Borough Police Dep't*, Civ. A. No. 12-825, 2012 WL 4033671, at *3-4 (M.D. Pa. May 30, 2012), *report and recommendation adopted*, 2012 WL 4025956 (M.D. Pa. Sept. 12, 2012) (dismissing *pro se* plaintiff's claims against a magisterial district judge for failure to state a claim at screening because "judicial immunity . . . expressly extends to Pennsylvania magisterial district court judges") (citing *Figueroa*, 208 F.3d at 441); *see also Youst v. Lancaster City Bureau Police Dep't*, No. 20-3287, 2020 WL 6562073, at *3-*4 (E.D. Pa. Nov. 9, 2020) (concluding magisterial district judge was entitled to absolute immunity where the only allegations against her rose from "judicial determinations she made and an order she entered in the course of [the plaintiff's] criminal arraignment and [in] setting his bail"). Therefore, Moore's claims against Magisterial District Judges Scott and Richardson will be dismissed with prejudice as such claims are barred by judicial immunity[5] and any attempt to

---

[5] In his Complaint, Moore refers to a "Judge O'Niell" but does not specifically name this Judge as a Defendant. (Compl. ¶ 17.) The public docket in Moore criminal case reflects that the Honorable Steven T. O'Neill presided over Moore's criminal proceedings in the Court of

amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

### C. Claims Against Officers O'Neill and Johnson

Moore names Officers Jamie O'Neill and Craig A. Johnson of the Pottstown Police Department, as Defendants in this matter. (*See* Compl. ¶¶ 6-7, 23-24.) The precise contours of the claims Moore seeks to raise against O'Neill and Johnson are unclear because the overwhelming majority of Moore's factual allegations relate solely to the chronology of events in his underlying criminal proceeding. (*Compare id.* ¶¶ 8-9) (alleging that Moore "was arrested by Officer Jamie O'N[ei]ll" and "was transported to Boro[u]gh Hall by Officer Craig A. Johnson")[6] (*to id.* ¶¶ 10-20) (recounting court dates and events in Moore's criminal proceeding).

Despite Moore's sparse and conclusory allegations against both O'Neill and Johnson, to the extent the Complaint can be liberally construed as raising Fourth Amendment claims against them, Moore has failed to state a plausible claim pursuant to § 1915(e)(2)(B)(ii). Initially, it appears that most of Moore's claims have already accrued and are time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The

---

Common Pleas of Montgomery County. *Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery County). To the extent Moore's Complaint, liberally construed, could be understood to bring claims against Judge O'Neill, he too would be entitled to absolute judicial immunity. *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

[6] The public docket in Moore's underlying criminal action lists Officer Johnson as the arresting officer. *Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery County).

Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Moore's § 1983 claim against O'Neill and Johnson is two years.

To the extent Moore seeks to raise false arrest or false imprisonment claims, "[t]he statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal process.'" *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). With respect to any illegal search claim, that claim accrued at the time the search took place. *See Barren v. Allegheny Cty. Pennsylvania*, 607 F. App'x 130, 131 (3d Cir. 2015). To the extent that Moor seeks to raise malicious prosecution claims, those claims accrue at the time the charges terminate in the litigant's favor because that is when the cause of action is complete. *See Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019).

The public docket in Moore's criminal case reflects that he was arrested on September 13, 2019, the same date listed as his offense date. *Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery). Moore had a preliminary arraignment that same day, and then had preliminary hearing several weeks later on October 2, 2019, at which time the charges for use or possession of drug paraphilia and resisting arrest were dismissed. *Commonwealth v. Moore*, MJ-38112-CR-0000417-2019. Accordingly, any claims Moore is attempting to bring against O'Neill and Johnson based on searches that preceded his arrest or his arrest itself accrued in September of 2019. Any malicious prosecution claims arising from these dismissed claims accrued at the time they were terminated in Moore's favor – *i.e.*, the day on which they were dismissed, October 2, 2019. Moore did not file his Complaint in this action until December of

2021.  As Moore filed the Complaint several months after the latest date the statute of limitations could have expired on any of these claims, his claims are untimely.

However, to the extent the Complaint could be construed as alleging a claim for malicious prosecution or otherwise challenging Moore's guilty plea and sentence for operating a vehicle without a valid inspection, the claim is presently barred under the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"); *see also Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005) ("[U]nder Heck, both a guilty plea and an ARD are sufficient to bar a subsequent § 1983 claim.").  It is clear from the public docket that Moore's conviction by way of guilty plea for operating a vehicle without a valid inspection remains intact and has not been invalidated.  *Commonwealth v. Moore*, CP-46-CR-0006395-2019 (C.P. Montgomery County).  Accordingly, Moore's civil rights claim for malicious prosecution – success on which would impugn the validity of this intact conviction – may not be asserted in a civil rights action at this time and must be dismissed.  Moore may reassert this claim in a new civil action if his conviction is ever overturned or otherwise invalidated.

### D.     Claims Under the Universal Declaration of Human Rights

The Court understands Moore's Complaint as attempting to assert claims that Defendants violated various articles of the Universal Declaration of Human Rights.  (*See* Compl. ¶¶ 23-26.) As the United States Court of Appeals for the Third Circuit has recognized, "the Universal

11

Declaration of Human Rights is a non-binding declaration that provides no private rights of action." *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)) (explaining that the Universal Declaration of Human Rights is merely a resolution of the United Nations and "does not of its own force impose obligations as a matter of international law"). District courts throughout this Circuit have routinely dismissed claims brought under the Universal Declaration of Human Rights with prejudice for failure to state a claim or as legally frivolous. *See, e.g.*, *Best v. S.C.I. Huntingdon*, No. 19-01599, 2019 WL 5866707, at *5 (M.D. Pa. Oct. 9, 2019), *report and recommendation adopted*, 2019 WL 5868259 (M.D. Pa. Nov. 8, 2019) (recommending dismissal of claims under the Universal Declaration of Human Rights for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) in a prisoner civil rights action); *Hamilton v. Dolce*, No. 18-2615, 2019 WL 4509375, at *3 (D.N.J. Sept. 19, 2019) (dismissing with prejudice *pro se* prisoner's claims for violations of the Universal Declaration of Human Rights); *Pavalone v. Pres. Mgmt. Inc.*, No. 18-191, 2019 WL 1117931, at *3 (M.D. Pa. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 1117919 (M.D. Pa. Mar. 11, 2019) (recommending dismissal of non-prisoners' claims for the "alleged violation[s] of their rights under the Universal Declaration of Human Rights . . . as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)). Accordingly, to the extent Moore raises claims against the Defendants for violating the Universal Declaration of Human Rights, these claims are dismissed with prejudice as any amendment would be futile. *See Grayson*, 293 F.3d at 108, 110.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety. The Court will dismiss Moore's § 1983 claims against

Defendants Scott and Kropp with prejudice for failure to state a claim and will dismiss his § 1983 claims against Defendants O'Neill and Johnson with prejudice to the extent they are time-barred.  Moore's remaining § 1983 claims are dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[7]  An appropriate Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[7] Moore may file a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.